UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANGELO A CORTIJO,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN JASON SCHULTZ,<br><br>    Respondent. | Case No. 25-cv-01071-TSH<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |

Petitioner, an inmate at California State Prison – Sacramento, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2021 conviction from Alameda County Superior Court. The operative petition is docketed at Dkt. No. 4,[1] and is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. Dkt. No. 7.

## DISCUSSION

**A.**    **Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing

---

[1] There are three petitions filed in the record. Dkt. Nos. 1, 4, 5. In both Dkt. Nos. 4 and 5, Petitioner has annotated the petition to indicate that it is an "amended" petition; and both these two petitions have additional arguments not proffered in Dkt. No. 1. *Compare* Dkt. No. 1 at 5-7 *with* Dkt. No. 4 at 8-11. As Dkt. No. 5 is stamped "copy" and appears to be a copy of Dkt. No. 4, the Court designates Dkt. No. 4 as the operative petition.

the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Order to Show Cause**

Petitioner was convicted by a jury in Alameda County Superior Court of second-degree murder with personal use of a firearm. Dkt. No. 4 at 3. On June 28, 2021, he was sentenced to a term of twenty-five years to life. Dkt. No. 4 at 1. The state appellate court affirmed the sentence and conviction but remanded for discovery pursuant to Cal. Penal Code § 754. In 2023, the California Supreme Court denied the petition for review. Petitioner states that there are proceedings still pending in Alameda County Superior Court for discovery pursuant to Cal. Penal Code § 754.

The petition alleges the following claims for federal habeas relief: (1) trial judge engaged in judicial misconduct in violation of the Due Process Clause when he repeatedly made statements indicating that he believed Petitioner was guilty; compared Petitioner unfavorably to the prosecutor; stated several times "You murdered him;" denied Petitioner's request for a mistrial based on witness Ramsey blurting out "He killed Jamad," and the judge shrugging and responding, "Well you did;" repeatedly mentioned how Petitioner had urinated in the courtroom; telling Plaintiff that he could not narrate his case when Petitioner was merely trying to argue his case; telling Petitioner that he could not object as a witness even though there was no one to object for Petitioner as he was proceeding *pro se*; continually cutting off Petitioner's testimony so as to prevent useful testimony from being placed on the record; (2) Petitioner was prevented from presenting a complete defense when the Court denied Petitioner's request for a continuance, requiring Petitioner to prematurely rest his case; (3) trial court erred in denying him counsel for his sentencing, resulting in Petitioner being incorrectly sentenced to an aggravated term instead of the normal term he was previously sentenced to, due to the trial judge's uncontrolled emotion. *See generally* Dkt. No. 4. Liberally construed, the petition states cognizable claims for federal habeas relief, and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

//

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Clerk shall serve electronically (1) a copy of this order and (2) a consent or declination to magistrate judge jurisdiction form upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein. Respondent shall file with the answer and serve on Petitioner all documents that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

//

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 3/24/2025

THOMAS S. HIXSON
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deangelo A. Cortijo<br><br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>Warden Jason Schultz<br><br>　　　　　Defendant(s). | Case No.  3:25-cv-1071 TSH<br><br>**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION** |

**INSTRUCTIONS:** Please indicate below by checking **one** of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline to magistrate judge jurisdiction in this matter. Sign this form below your selection.

☐ **CONSENT to Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

**OR**

☐ **DECLINE Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE: _____, 20\_\_\_\_     NAME: _____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature*
　　　　　　　　　　　COUNSEL FOR
　　　　　　　　　　　(OR "PRO SE"):