UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANGELO A. CORTIJO,<br><br>Petitioner,<br><br>v.<br><br>JASON SCHULTZ, Warden,<br><br>Respondent. | Case No. 25-cv-01071-AMO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO STAY; TERMINATING AS MOOT REMAINING MOTIONS; & ADMINISTRATIVELY CLOSING CASE**<br><br>Re: Dkts. 21, 23, 29, 34 |

## I.      INTRODUCTION

Petitioner Deangelo A. Cortijo, who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state sentence.  Dkt. 1.  The Court ordered Respondent to show cause why the writ should not be granted.  Dkt. 9.

Respondent filed a motion to stay based on *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir. 2023) because state proceedings are still pending against Cortijo.  Dkt. 21.  Cortijo filed an opposition, which he entitled, "Motion to Amend or Supplement."  Dkt. 22.  Respondent filed a reply.  Dkt. 23.  Cortijo has also filed two other motions entitled, "Motion for Discovery and Expansion of Record Against the Respondent" and "Motion to Include Facts as to Claim 3."  Dkts. 29, 34.

For the reasons outlined below, the Court **GRANTS** Respondent's motion to stay and **TERMINATES AS MOOT** all remaining motions.

## II.      BACKGROUND

On May 25, 2021, an Alameda County jury found Cortijo guilty of second degree murder and found true an enhancement for personal use of a firearm.  Dkt. 1 at 38; Resp't Ex. 1 at 2.  On June 23, 2021, the trial court sentenced Cortijo to twenty-five years to life in state prison.  Dkt. 1 at 67.  Cortijo appealed and filed a state court habeas petition in the California Court of Appeal.  Resp't Ex. 1.

On June 21, 2023, the California Court of Appeal affirmed the judgment, but reversed the

state superior court's order denying Cortijo's request for disclosure under the California Racial Justice Act of 2020 ("California Penal Code § 745") and remanded to the state superior court to reconsider Cortijo's request in light of recent case authority and amendments to the statute.  Dkt. 1 at 73-75; *People v. Cortijo*, No. A162926, 2023 WL 4096720, *17 (Cal. Ct. App. June 21, 2023). On the same day, the California Court of Appeal denied the habeas petition without prejudice to refiling it in the state superior court.  Resp't Ex. 2.

On September 13, 2023, the California Supreme Court denied review of the direct appeal. Resp't Ex. 3.  On February 3, 2025,[1] Cortijo filed his federal habeas petition and an amended petition.  Dkts. 1, 4.  On February 12, 2025, Cortijo filed a third habeas petition.  Dkt. 5.  On March 24, 2025, the Court deemed the amended petition as the operative petition and issued an order to show cause.  Dkt. 9.

## III.    DISCUSSION

### A.    Relevant Information Relating to Request for Disclosure under California Penal Code § 745

As mentioned above, the California Court of Appeal remanded Cortijo's request for disclosure under California Penal Code § 745 to the Alameda County Superior Court.  Cortijo stated in his federal habeas petitions that those proceedings are "in progress."  Dkt. 4 at 3; Dkt. 1 at 3.  Thus, discovery proceedings are ongoing in the superior court.  *See* Resp't Ex. 4.

Respondent submits that a stay of the federal proceedings is warranted until the state proceedings have concluded.

### B.    Analysis

Under *Younger v. Harris*, a federal district court is required to abstain from entertaining a petitioner's federal petition when state criminal actions or certain categories of state civil or administrative proceedings are pending against the petitioner.  *See* 401 U.S. 37, 43-54 (1971); *cf. Pennzoil Co. v. Texaco, Inc.*,481 U.S. 1, 10-18 (1987) (*Younger* and its companion cases generally

---

[1] Since Cortijo is incarcerated and representing himself, he is entitled to the benefit of the mailbox rule, which deems petitions filed on the date they were given to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  However, since timeliness is not at issue and the mailing dates are not clear from the petitions, the Court refers to the date the petitions were filed.

United States District Court
Northern District of California

United States District Court
Northern District of California

require a federal district court to abstain from granting injunctive relief when state criminal actions or certain categories of state civil or administrative proceedings are pending against the federal plaintiff at the time he or she commences the federal action.)  Specifically, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  *See Younger*, 401 U.S. 43-54.  *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves."  *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008*), abrogated on other grounds by Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) (citing cases).

The state proceedings must be pending, not merely available, and plaintiffs must be seeking relief that would interfere in some manner with the state court litigation.  *See Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001) *overruled on other grounds*, *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir.2004).  The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (finding that even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).  In order to avoid *Younger*, the federal plaintiffs must show that they are procedurally barred from raising the federal claims in the state action.  *See Gilbertson v. Albright*, 381 F.3d 965, 979-80 (9th Cir. 2004) (en banc) (citing *Moore v. Sims*, 442 U.S. 415 (1979)); *see also Lebbos v. Judges of Superior Court*, 883 F.2d 810, 815 (9th Cir. 1989).

Here, Respondent asserts that instead of the *Younger* abstention, the Court should exercise its discretion to stay the case under *Duke*.  *See* Dkt. 21 at 1-5.  Ultimately, the Court agrees.

Pursuant to California Penal Code § 745(a), "The state shall not seek or obtain a criminal

United States District Court
Northern District of California

conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin." A defendant may prove a violation of section 745(a) by establishing, by a preponderance of the evidence, that specified participants in the case exhibited bias or animus towards the defendant based on his or her race, ethnicity, or national origin or used racially discriminatory language, or the defendant was charged or convicted of a more serious offense or given a longer or more severe sentence than defendants of other races, ethnicities, or national origins. Cal. Penal Code § 745(a). A defendant may file a motion or habeas petition alleging a violation of section 745(a). Cal. Penal Code § 745(b). Post-conviction remedies for violations of section 745(a) include vacating the conviction and sentence, modifying the judgment to a lesser included or lesser related offense, or imposing a new sentence that is not greater than the previously imposed sentence. Cal. Penal Code § 745(e)(2).

As pertinent here, "A defendant may file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a) in the possession or control of the state." Cal. Penal Code § 745(d).  The defendant must describe the type of records or information sought, and upon a showing of good cause, "the court shall order the records to be released." *Id.*; *see Young v. Superior Court of Solano County*, 79 Cal. App. 5th 138, 148 (2022).

In the instant action, Cortijo filed a motion for discovery in the state superior court on June 13, 2024.  *See* Resp't Ex. 4 at ¶ 3.  On June 21, 2024, the People filed an objection on several grounds.  *Id.*  After the parties agreed to narrow the scope of discovery, the superior court ordered the People to provide those items, but did not rule on other contested items.  *Id.* at ¶ 4.  On October 9, 2024, the People provided two spreadsheets with pertinent information to Cortijo.  *Id.* at ¶ 5.  Cortijo's attorney has indicated that she is attempting to obtain information through other sources and may seek a superior court order for additional information.  *Id.* at ¶ 6.  A status conference is set for July 10, 2025.  *Id.* at ¶ 7.  Counsel for Respondent, Assistant District Attorney Timothy Wagstaffe, who is handling this matter for the People, anticipates "that the litigation over the discovery issues will continue in the superior court for at least several months and likely longer if and when Mr. Cortijo files a Racial Justice Act petition related to the data." *Id.* at ¶ 8.  The record indicates that state court proceedings are still ongoing as Cortijo has a status hearing in Alameda County Superior Court scheduled on March 5, 2026.  *See* Dkt. 33 at 3.

United States District Court
Northern District of California

After reviewing the papers, the Court finds that a stay is appropriate under *Duke* rather than outright dismissal because not all the *Younger* elements are present.  Here, three of the *Younger* factors are met because the state court proceedings are ongoing, they implicate important state interests, and the requested relief in the present petition has the practical effect of enjoining the state court proceedings.  *Younger*, 401 U.S. at 46 (recognizing "fundamental policy against federal interference with state criminal prosecutions"); *see Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

However, it is the third prong of *Younger* that is at issue.  In *Duke*, the Ninth Circuit found that all the factors for *Younger* abstention were not satisfied because the third part of the test was not met, i.e., the state proceedings afforded the litigant adequate opportunity to raise the constitutional issues.  *See Duke*, 64 F.4th at 1094.  In *Duke*, the State conceded that the pending resentencing proceedings would not address the prisoner's federal constitutional claims.  *Id.*  The *Duke* court found that the district court had the discretion to stay that matter.  *Id.* at 1099-1100.  Thus, it held that the district court had the authority to grant the petitioner's motion for a stay, and stated that the "circumstances weigh[] heavily in favor of doing so." *Id.* at 1099.  Here, as in *Duke*, Cortijo cannot raise his federal claims in the California Penal Code § 745 proceedings, and this Court has discretion to stay the instant matter.  Accordingly, the Court finds that a stay is warranted until the California Penal Code § 745 proceedings have concluded, and it **GRANTS** Respondent's motion to stay.  Dkt. 21.

IV.    **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     Respondent's motion to stay is **GRANTED**.  Dkt. 21.  This action is hereby **STAYED** pursuant to *Duke*.  If Cortijo intends to have this Court consider the claims in this matter, he must notify the Court **within twenty-eight (28) days *after*** the California Penal Code § 745 proceedings have concluded.  His notice shall include a motion to reopen this action based on the conclusion of state court proceedings, including the dates of the relevant decisions.

2.     The Clerk shall **ADMINISTRATIVELY CLOSE** the file pending the stay of this

action.  When Cortijo files his motion to reopen, the case will be administratively re-opened.

3.    Because this case has been stayed and administratively closed, all remaining motions are **TERMINATED AS MOOT**, including Cortijo's "Motion to Amend or Supplement," "Motion for Discovery and Expansion of Record Against the Respondent," and "Motion to Include Facts as to Claim 3."  Dkts. 22, 29, 34.

**IT IS SO ORDERED.**

Dated:  March 18, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**