United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEANGELO A. CORTIJO,

Petitioner,

v.

JASON SCHULTZ, Warden,

Respondent.

Case No. 25-cv-01071-AMO (PR)

**ORDER DENYING MOTIONS FOR CERTIFICATE OF APPEALABILITY AND FOR RECONSIDERATION OF THE COURT'S MARCH 18, 2026 ORDER**

Re: Dkt. No. 39

Before the Court are Petitioner Deangelo A. Cortijo's motions for a certificate of appealability ("COA") and for reconsideration of the Court's March 18, 2026 Order staying the instant case. Dkt. 39. Cortijo has also filed a notice of appeal. Dkt. 37. The United States Court of the Appeals for the Ninth Circuit has construed Cortijo's appeal as a challenge to the Court's March 18, 2026 Order. Dkt. 41 at 2. The appeal was remanded for the limited purpose of allowing this Court to rule on Cortijo's motions for a COA and for reconsideration. *Id.*

Respondent opposes Cortijo's motion for a COA and argues that "[a] COA is unwarranted because this Court's order granting a stay pursuant to *Duke v. Gastelo*, 64 F.4th 1088, 1098-99 (9th Cir. 2023), Dkt. 35, is not a final order and only final orders are appealable." Dkt. 43 at 1 (citing 28 U.S.C. § 1291 ("[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States"); *id.* § 2253(a) ("[i]n a habeas corpus proceeding . . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held"); *Stanley v. Chappell*, 764 F.3d 990, 993 (9th Cir. 2014)). The Court agrees with Respondent.

"A final decision is typically one 'by which a district court disassociates itself from a case.'" *Thompson v. Frank*, 599 F.3d 1088, 1089 (9th Cir. 2010) (per curiam) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)). Under the collateral order doctrine, courts of

appeal have jurisdiction in a narrow set of circumstances. *See Thompson*, 599 F.3d at 1090. This doctrine applies only when the district court's order: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Id.* The important point, for purposes of the collateral order doctrine, is that the petitioner will eventually be able to present his arguments to the court of appeal. *See Stanley*, 764 F.3d at 994 (finding that while stay and abeyance order in habeas action is not appealable final order under collateral order doctrine, Stanley will eventually be able to present his arguments to court of appeal, including his argument that exhaustion is not required).

Here, the Court granted a stay under *Duke* rather than dismissing the action under the *Younger*[1] abstention doctrine during the pendency of state court proceedings under the California Racial Justice Act of 2020 (California Penal Code § 745). *See* Dkt. 35. Thus, no final judgment has been issued by this Court. Accordingly, no COA should issue because the Court's March 18, 2026 Order is not a final order, and the collateral order doctrine does not apply because that order will be reviewable on appeal after the Court issues a final judgment.

In any event, reconsideration of the Court's March 18, 2026 Order is also unwarranted. As an initial matter, Civil Local Rule 7-9(a) governs the filing of motions for reconsideration with respect to interlocutory orders made in a case prior to the entry of final judgment, and requires a party to seek and obtain leave of court prior to filing a motion for reconsideration. *See id*. Here, Cortijo has failed to comply with Local Rule 7-9, which, standing alone, is sufficient to deny his motion. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Even if the motion for reconsideration is construed as a motion for leave to file a motion for reconsideration, Cortijo fails to make the requisite showing under Local Rule 7-9. Under Local Rule 7-9, the movant must show a material change in fact or law or that a "manifest

---

[1] *Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (holding that federal district court is required to abstain from entertaining petitioner's federal petition when state criminal actions or certain categories of state civil or administrative proceedings are pending against petitioner).

failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *See* Civil L.R. 7-9(b). Cortijo has failed to make such a showing. In the present motion, Cortijo concedes that he continues to litigate his racial bias claim in state court. *See* Dkt. 39 at 2. Because state proceedings involving the same criminal conviction Cortijo challenges in the present petition remain ongoing, the Court found that a stay was "appropriate under *Duke* rather that outright dismissal because not all the *Younger* [abstention doctrine] elements [were] present." Dkt. 35 at 5. Cortijo also contends that the Court's March 18, 2026 Order reflected that it did not consider his opposition. Dkt. 39 at 1. Not so. To the contrary, the Court's March 18, 2026 Order considered and dispensed with the arguments made by Cortijo in his opposition, which was submitted to the Court by Respondent because Cortijo had mailed it to Respondent and not directly to the Court. *See* Dkt. 35 at 1 (citing Dkt. 23).

Accordingly, the Court **DENIES** Cortijo's motions for a COA and for reconsideration of its March 18, 2026 Order. Dkt. 39.

The Clerk of the Court shall send a copy of this Order to the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: September 17, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**